UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Edward Vinson, | ) C/A No. 2:10-3214-HFF-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Al Cannon, Charleston County Det. Crt., Sheriff; Carolina Center for Occupational Health; Dr. Theoadore Jacobs, M.D., | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by John Edward Vinson (Plaintiff). Plaintiff has filed an Application to Proceed *in forma pauperis*.[1] The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

Plaintiff filed this action after being released from pretrial detention in the Charleston County Detention Center (CCDC). *See* ECF 1-1. Plaintiff names Charleston County Sheriff Al Cannon, Carolina Center for Occupational Health, and Dr. Theoadore Jacobs, M.D. as the only Defendants in his Complaint, which is liberally construed as an attempt to assert a claim for injunctive relief under 42 U.S.C. § 1983.[2] The Fourth Circuit Court of Appeals

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(b) and (e), the assigned United States Magistrate Judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se,* and to submit findings and recommendations to the District Court.

[2] Not a source of substantive rights itself § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter

has held that local jails such as CCDC, which are designed for temporary detention, are generally not required to have a law library and that a lack of access to courts claim should be dismissed when, as in the instant case, the plaintiff fails to allege a specific problem that he wishes to research and fails to show any actual harm or a specific injury. The information in Plaintiff's Complaint concerning his medical care and diet while incarcerated at CCDC does not allege any serious deprivation of a basic human need, any physical injury, specific harm, or unnecessary or wanton infliction of pain, and, therefore, fails to state a plausible claim of constitutionally inadequate medical care or deliberate indifference on the part of Defendants to a serious risk of harm caused by other conditions of Plaintiff's confinement at CCDC. Moreover, the Carolina Center for Occupational Health is not a "person" acting "under color of state law" within the meaning of § 1983 and therefore is not amenable to suit under § 1983. Consequently, Plaintiff's Complaint should be summarily dismissed because it fails to state a claim on which relief may be granted by this Court.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned United States Magistrate Judge is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. A former prisoner who has been released is no longer considered incarcerated or detained for the purposes of § 1983 actions. *Cofield v. Bowser*, 247 F.App'x. 413, 414 (4th Cir. 2007)(unpublished opinion)(citing *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005) as collecting cases concluding that plaintiffs bringing civil actions to challenge prison conditions after their release do not have to satisfy the Prison Litigation Reform Act's

---

state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).

requirement of exhaustion of administrative remedies); accord, *Cantley v. West Virginia Regional Jail and Correctional Facility Authority*, 728 F.Supp.2d 803, 819-820 (S.D.W.Va. 2010). It is the plaintiff's status at the time when the complaint is filed that is determinative. *Cofield*, 247 F.App'x at 414; *Norton*, 432 F.3d at 1150. In *Cofield*, for example, although the plaintiff apparently had signed the complaint while incarcerated, because it was not filed until after his release and because it listed a private street address as his mailing address, the court concluded that the PLRA exhaustion requirement did not apply to him. *Cofield*, 247 F.App'x at 414. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B)(I), (ii), and (iii). [3]

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

---

[3] In contrast to § 1915A, which explicitly only applies to actions filed by prisoner litigants, § 1915(e)(2) does not contain language indicating that it only applies to actions filed by prisoners; the Court instead notes that § 1915 is entitled "Proceedings in forma pauperis." Accordingly, the fact that Plaintiff filed this action *in forma pauperis*, while a non-prisoner, does not prevent this Court from performing a § 1915(e)(2) analysis. *See Michau v. Charleston County, South Carolina*, 434 F.3d 725, 728 (4th Cir. 2006)(affirming the district court's dismissal of two complaints pursuant to § 1915(e)(2)(B), even though the plaintiff was not a prisoner, because the plaintiff was proceeding *in forma pauperis*); *see also Bardes v. Magera*, C.A. No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *5-9 (D.S.C. 2008); *Kane v. Lancaster County Dep't of Corr.*, 960 F.Supp. 219, 22-22 (D.Neb.1997).
.

to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint alleges that Plaintiff was incarcerated in CCDC, but, according to an attachment to his Complaint (ECF No. 1-1), he was released on December 14, 2010, before he mailed the instant Complaint on December 15, 2010, which was filed in this Court on December 21, 2010. *See* ECF No. 1. Plaintiff alleges that: (1) the jail has no law library (ECF No. 1, p. 3); (2) the artificial sweetener that is put in the drink that is served with all meals may cause pancreatic cancer (ECF No. 1, p.3, 5); (3) Plaintiff's diet, which was put in place for Plaintiff's type 2 diabetes by Defendant Carolina Center for Occupational Health (CCOH) and Defendant Jacobs, is not proper and "has very little nutritional value." (ECF No. 1, p. 3-4).

## DISCUSSION

In his Complaint, Plaintiff states:

> My complaint against Al Cannon Charleston County Det. Ctr. is that there is no law library there at all. So that I (we the inmates) can better help ourselves in our own individual cases. Is this not a part of my 6th amendment rights or civil rights or/and freedom of speech? So what can be done about this situation speedily. Please give me what I (we) need to help my own self. This situation has been going on for to long, it is time for it to stop now!

ECF No. 1, p. 3. As to relief sought on this claim, Plaintiff states "I would like to see a law library here in place or access to one. ECF No. 1, p. 6.

The Fourth Circuit Court of Appeals has held that local jails such as CCDC, which are designed for temporary detention, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The Fourth Circuit further held in *Magee* that a lack of access to courts claim should be dismissed if the plaintiff fails to allege

a specific problem he wishes to research and further fails to show actual harm/specific injury. *Id.* Furthermore, if a plaintiff has counsel, no access to a law library is required to be given. *United States v. Chatman*, 584 F.2d. 1358, 1360 (4th Cir. 1978)(obligation of prison authorities to provide adequate law libraries satisfied when defendant is offered assistance of counsel). In order to make out a *prima facie* case of denial of access to the courts, Plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989); *Strickler v. Waters*, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993).

Plaintiff has provided insufficient information to show that there he suffered any actual injury due to CCDC's lack of a law library. A criminal defendant must be provided with access to an adequate law library or adequate access to counsel, but not both. *Bounds v. Smith*, 430 U.S. 817, 828, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (1977); *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978). Where a defendant has elected to proceed *pro se* in a criminal case, he can be required to rely on standby counsel to overcome any research handicaps due to incarceration. *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).

A careful review of the allegations of Plaintiff's Complaint discloses that his contentions relating to the lack of law library access do not raise a plausible federal claim under 42 U.S.C. § 1983, because there is no constitutional right to a law library in a local, short-term detention facility such as CCDC, and because, according to state court records posted on the Charleston County Clerk of Court's Charleston County Common Pleas and General Sessions Public Index website, Plaintiff was represented by Cody J. Groeber, an

attorney with the Charleston County Public Defender's Office.[4] Furthermore, Plaintiff has made no allegations of any real injury and/or prejudice that Plaintiff suffered or is likely to suffer as a result of the alleged inadequate access to legal materials while in pretrial detention. *See Lewis v. Casey*, 518 U.S. 343 (1996)(plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under section 1983). In the absence of an alleged actual injury and prejudice to a constitutional right resulting from Plaintiff's lack of access to a law library and/or legal research materials to date, while he was in CCDC awaiting trial, Plaintiff's Complaint fails to state a claim against Defendant Cannon on which this Court may grant relief.

In his Complaint Plaintiff states:

> The food that is being served here is not fit for a type 2 diabetic. You really need to reform the diets that are now in place. I know that the county can do better. The food needs to be more medical friendly to fit the right needs of the medical staff so they can serve their patiences [sic] (people) better. . . . Before mailing this form I just found out that this jail is giving me (us) some artificial sweeter in the drink that they serve may cause pantriatic cancer. Me being a type 2 diabetic do you see me problem. I wished that I knew about it first so I would have had a choice in the matter. This is very very cruel.

ECF No. 1, p. 3. Plaintiff also states:

> My complaint is against Carolina Center for Occupational Health and Dr. Theoadore Jacobs, M.D. and the way that they have their ranges or criteria for type 2 diabetic diets. . . . The diet that Dr. Theoadore Jacobs M.D. has me on is low carbs (haha), all of the food here has high carbs, yes it is true. And it has very little nutritional value and that may work for other type 2

---

[4] The court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 WL 565303 at *2, n.5 (D.S.C., February 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008)(collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). *See* http://jcmsweb.charlestoncounty.org/publicindex/PISearch.aspx. (last visited Mar. 22, 2011).

> diabetics (I don't know of none), but not for mine. He needs to understand that everyone is not the same. He said that the diet that he has me on is all he could do; because that was their standard. Will everyone don't fit into a standard. I don't believe he is doing what is best for me or my type 2 diabetes. . . . I know that my not a doctor, but isn't the goal is to help me to get better where I could maybe get off taking pills (medication) for diabetes and just control it with diet and exercise. I know he is not a long term doctor for me, but because of my incarceration should he not listen to the patience (person). Is it not the doctor's rule or something that they (doctors) are to help the patiences to get better or maintain their condition until they get out of being in jail? I strongly feel that something needs to be done about this matter now. . . . Also the doctor has never told me about the fact that the drink that the jail serve with all meals has an artificial sweeter in it. Also this same sweeter says on the package that it may cause pantriatic cancer. Now being a diabetic you know that is a very major problem! Someone should have said something to me so it could have been my choice! This stuff has been destroying my insides for a long time without me knowledge and I don't like that!

ECF No. 1, p. 4-5. As to relief sought on this claim, Plaintiff states that he would like to see "the criteria for the diets updated and with more nutritional value. And closer look at how the medical staff is being run. Or someone who truly cares about their patiences (people)." ECF No. 1, p. 6.

Persons in custody have the protections afforded by the Fourteenth and Eighth Amendments, which include the right to obtain adequate medical care. *Martin v. Gentile*, 849 F.2d 863, 866 (4th Cir. 1988)(explaining that the denial of medical care by state officials can give rise to claims under the Fourteenth Amendment's due process clause); *see also City of Revene v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 246 (1983)(holding that pretrial detainees have at least the same protections under the Fourteenth Amendment as post-trial detainees have under the Eighth Amendment); *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990)("[T]he Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."); *Mitchell v. Aluisi*, 872 F.2d 577, 581 (4th Cir. 1989)("A violation of the Eighth Amendment standard . . . may

be used, however, to determine a due process violation.")(citing *Whisenant v. Yuam*, 739 F.2d 160, 163 n.4 (4th Cir. 1984)).

Deliberate indifference to a pretrial detainee's or prisoner's medical needs is actionable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). To establish a claim under the Eighth or Fourteenth Amendment, a pretrial detainee or inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong, the inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. *Id.* A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Id.* at 847; *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). "[A] prisoner's mere difference of opinion over

matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)(internal quotation marks & citation omitted) (alterations in original); *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). A prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. *See Nelson*, 603 F.3d at 449; *see also O'Connor v. Pierson*, 426 F.3d 187, 202 (2d Cir. 2005)("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); *Fleming v. Lefevere*, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006)("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

"It is well-established that [prison] inmates must be provided with nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985)(quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980))(internal quotations omitted). Allegations of inadequate prison food service may be sufficient to state a claim for relief under § 1983 if the deprivation at issue is serious. *Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir. 1978).

To the extent that Plaintiff's claim could be more appropriately characterized as a condition of confinement claim, as opposed to a medical needs claim, "a two-pronged

showing is necessary to demonstrate a . . . violation with respect to prison conditions: (1) a serious deprivation of a basic human need and (2) deliberate indifference to prison conditions on the part of prison officials.  *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991).  Because the same analysis is used in both contexts, it is unnecessary to make a firm distinction at this point.  Plaintiff's Complaint, insofar as it attempts to allege a claim of deliberate indifference to a serious medical need, or a claim of deliberate indifference to a serious deprivation of a basic human need, or a violation of his due process rights by subjecting him to cruel and unusual punishment, fails to state any plausible claim.[5] Deliberate indifference is a very high standard, which requires more than a showing of mere negligence.  *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  *See also Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994).  Based on these precedents, the issue is whether a plaintiff, who has suffered injury, has alleged that the defendant "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987).

With regard to his diet, Plaintiff's Complaint merely alleges that Defendant Jacobs put Plaintiff on a diet designed for persons with type 2 diabetes, which, in Plaintiff's opinion, was not tailored closely enough to his individual needs.  Plaintiff also alleges that an artificial sweetener used by CCDC "may cause pancreatic cancer."[6]  Other than this

---

[5] As noted above, Plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff was a pretrial detainee while confined in the Charleston County Detention Center.  *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

[6] According to the U.S. National Institutes of Health (NIH) and its National Cancer Institute, artificial sweeteners are regulated by the U.S. Food and Drug Administration.  Studies have been conducted on the safety of several artificial

speculative statement, and Plaintiff's conclusory allegation that "this stuff has been destroying my insides for a long time," Plaintiff provides no facts and makes no allegations to demonstrate that the artificial sweetener allegedly used in CCDC actually poses a risk of cancer, or that Defendants Jacobs or Cannon, or anyone else on CCDC's administrative or medical staff, knew of any serious risk of harm to Plaintiff's or other inmates' health or safety, or were deliberately indifferent to any such risk. Plaintiff's Complaint makes no allegation that any specific, actual physical injury resulted from Plaintiff's diet while at CCDC.

Moreover, as to Defendant Carolina Center for Occupational Health, a claim for relief under 42 U.S.C. § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and

---

sweeteners, including saccharin, aspartame, acesulfame potassium, sucralose, neotame, and cyclamate. There is no clear evidence that the artificial sweeteners available commercially in the United States are associated with cancer risk in humans. *See* http://www.cancer.gov/cancertopics/factsheet/Risk/artificial-sweeteners (last visted Mar. 22, 2011)

therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). Carolina Center for Occupational Health, a South Carolina corporation located in North Charleston, South Carolina whose medical staff provides health care services to businesses, institutions, and individuals[7] is not a "person" subject to suit under 42 U.S.C. § 1983 in this case.

The allegations in Plaintiff's Complaint fail to state a plausible claim pursuant to § 1983 that Defendants Cannon, Carolina Center for Occupational Health, and/or Jacobs violated any constitutionally protected interest of Plaintiff while he was incarcerated in the Charleston County Detention Center. Because Plaintiff's Complaint fails to allege any facts which establish that this Court may exercise its subject matter jurisdiction over Defendants and fails to state a claim for which this Court may grant relief against Defendants, the Complaint should be summarily dismissed.

---

[7] The Court takes judicial notice of the factual information concerning Carolina Center for Occupational Health, LLC's corporate status that is posted on the official website of the Secretary of State of South Carolina. According to the Secretary of State's Corporation Search website, CCOH, LLC, a domestic profit corporation, was created on April 19, 1999. *See* http://www.scsos.com/Search%20Business%20Filings (last visited Mar. 22, 2011).

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without prejudice* and without issuance and service of process.  See 28 U.S.C. § 1915(e)(2)(B)(ii)(fails to state a claim on which relief may be granted).

Plaintiff's attention is directed to the important notice on the next page.


s/Bruce Howe Hendricks
United States Magistrate Judge

March 28, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).